**IT IS ORDERED as set forth below:**



**Date: November 18, 2015**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHEN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 14-64242 |
| RAINNO D. BRANCH | ) | |
| | ) | CHAPTER 13 |
| DEBTOR. | ) | |
| | ) | |
| _____ | ) | JUDGE MARY GRACE DIEHL |
| | ) | |
| RAINNO D. BRANCH, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | ADVERSARY NO. 14-5320 |
| | ) | |
| HOUSING AUTHORITY OF | ) | |
| DEKALB COUNTY | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

1

## CONSENT ORDER

The above parties attended court-ordered mediation with the Honorable James Sacca on September 3, 2015. A full settlement of all outstanding issues was reached, and the Court incorporates this settlement into a final Consent Order as follows:

## GENERAL MATTERS

1.

Debtor Rainno D. Branch ("Ms. Branch") agrees that she owes Defendant Housing Authority of DeKalb County ("HADC") the sum of $3,884.00.

2.

HADC agrees that it shall reinstate Ms. Branch's voucher effective immediately, subject to her adherence to the terms contained in this Consent Order.

## LUMP SUM

3.

Upon dismissal of Ms. Branch's bankruptcy case, the trustee shall disburse all money currently held, minus the amount due to the trustee, to HADC.

4.

Ms. Branch shall pay HADC a lump sum of $300.00 no later than November 5, 2015.

MONTHLY PAYMENTS

5.

Ms. Branch shall pay HADC at least $50.00 per month, beginning December 5, 2015, and continuing on the 5th day of each month. The entire balance shall be paid in full no later than December 5, 2019.  Any amount in excess of $50.00 that is paid by or on behalf of Ms. Branch shall be credited toward the outstanding balance of HADC's claim.  It shall not be counted as a payment for the following month.

6.

The balance of HADC's claim is due no later than December 5, 2019. This balance may be paid off by Ms. Branch through extra payments on a monthly basis, or by making a lump sum payment at any time, as long as the entire balance is paid within four (4) years of the date of the first payment.

7.

Payments shall be made only by either by certified check or money order. Personal checks or cash shall not be considered an acceptable form of payment by HADC.

## DEFAULT

8.

If a default in the payment which is the subject of this lawsuit occurs, HADC shall send written notice by First Class U.S. Mail to Ms. Branch at the address that HADC has on file with a copy to her sister, Ms. Q. Harper, located at 2568 Tempest Trail, Lithonia, GA 30058. The notice shall inform Ms. Branch with specificity of the amount and month(s) of the default, and Ms. Branch shall have ten (10) days from the date of the notice to cure the default. For the first six (6) months that this agreement is in effect, up through and including April of 2016, any default notices under the Consent Order shall also be sent to Angela J. Riccetti of the AtlantaLegal Aid Society, at 246 Sycamore Street, Suite 120, Decatur, GA. HADC's failure to exercise or delay in exercising any right, power, or privilege under this Consent Order shall not operate as a waiver; nor shall any single or partial exercise of any right, power, or privilege preclude any other or further exercise thereof.

9.

If default is not cured within ten (10) days of the date of the written notice, Ms. Branch's participation in the HADC Housing Choice program shall terminate, subject only to the sole defense of Whether Ms. Branch made the payment (s). All other defenses, including but not limited to the defenses raised in this litigation, are hereby and forevermore waived by Ms. Branch.

## BANKRUPTCY

10.

Should Ms. Branch file for bankruptcy in the future, this Consent Order shall not be subject to alteration. Ms. Branch shall be obligated to pay the entire balance owed to HADC within the four (4) year period outlined in this Order if she intends to retain her housing benefits through HADC.

## MUTUAL RELEASE OF CLAIMS

11.

Both Ms. Branch and HADC have agreed to release all claims and cross-claims currently pending, and also release any claims that may have arisen from this action, including any claims for attorney fees. Nothing contained herein shall be construed as an admission by any party of any liability or fault of any kind to any other party. Each party acknowledges that it has been or has had an opportunity to be advised by legal counsel retained by such party in its sole

discretion and that each party has the legal capacity and authority to enter into this Consent Order. This Consent Order shall not be modified by any party by oral representation made before or after the execution of this Consent Order. All modifications, if any, shall be in writing, and agreed to and signed by the Parties. Each party shall be responsible for their own attorney fees.

12.

Ms. Branch shall dismiss both her Chapter l3 bankruptcy case (Case No. 14-64242) and the adversary proceeding (Case No. 14-5320).

This _ day of November, 2015.

**[END OF ORDER]**

| | |
|---|---|
| Prepared and present by:<br>/s/ Donald M. Coleman | Reviewed and consented to:<br>/s/ Catherine Gibson |
| Donald M. Coleman (#177450)<br>Angela J. Riccetti (#602505)<br>Attorneys for Plaintiff | Catherine Gibson (#141342)<br>James E. Dearing (#215090)<br>Attorneys for Defendant |
| ATLANTA LEGAL AID SOCIETY, INC<br>246 Sycamore Street, Suite 120<br>Decatur, GA 30030<br>(770) 817-7521 | THE GIBSON LAW FIRM<br>1708 Briarcliff Road<br>Atlanta, GA 30306<br>(404) 733-6700 (O)<br>(404) 733-6007 (F) |

## DISTRIBUTION LIST

Mary Ida Townson
Chapter 13 Trustee
191 Peachtree Street, NW
Suite 2200
Atlanta, GA 30303


Catherine Gibson, Attorney at Law
The Gibson Law Firm, LLC
1708 Briarcliff Road, NE
Atlanta, GA 30306



James E. Dearing
Attorney at Law
730 Peachtree Street, N. E.
Suite 560
Atlanta, GA 30308

Donald M. Coleman
Angela J. Riccetti
Attorneys at Law
Atlanta Legal Aid Society, Inc.
246 Sycamore Street, Suite 120
Decatur, GA 30030